IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

HOME MERIDIAN )
INTERNATIONAL, INC., )
 )
    Plaintiff, )
 )   1:12CV1093
 )
CABOT LONGNECKER, )
 )
    Defendant. )

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court for a recommended ruling on Plaintiff's Motion for a Preliminary Injunction. (Docket Entry 23.) Defendant has filed a response in opposition to this motion. (Docket Entry 30.) For the reasons that follow, the court will recommend that Plaintiff's Motion for Preliminary Injunction be denied.

## I. BACKGROUND

Plaintiff Home Meridian International, Inc. ("Plaintiff") filed this action on August 17, 2012, seeking to enforce a restrictive covenant contained in a Sales Representative Agreement ("Agreement") against Defendant, Independent Contractor Cabot Longnecker ("Defendant"). In its amended Complaint, Plaintiff indicates that it is a designer and marketer of case goods and upholstered furniture, primarily selling their wares to furniture retailers and club stores. (Am. Compl. ¶ 2, Docket Entry 8.) Defendant signed the Agreement to be a contract sales representative for Plaintiff on April 5, 2011. (*Id.* ¶ 9.) Included in the Agreement was a covenant that Defendant would not compete in a way that

was in competition with or harmful to Plaintiff. (*Id.* ¶ 12.) Plaintiff terminated Defendant for cause on September 14, 2012. (Am. Compl., Ex. 2, Docket Entry 8-2.)

In its motion for a preliminary injunction, Plaintiff asserts that Defendant has assisted Marks & Cohen and Mengnu in sales of upholstered furniture to places such as Sam's Club (Hester Decl. ¶¶ 12, 15-16, 21, 26, Docket Entry 25-1), Defendant has not returned Plaintiff's property (Cantrell Decl. ¶ 18, Docket Entry 25-3), and Defendant has disclosed and used Plaintiff's confidential information (Hester Decl. ¶¶ 17-19). Plaintiff seeks to enjoin Defendant from "soliciting, encouraging, causing, or attempting to cause Mengnu not to do business with HMI or to reduce its business with HMI," to maintain Plaintiff's confidential information, and to delete Plaintiff's returned property and confidential information from Defendant's electronic devices. (Pl.'s Br. at 18-19, Docket Entry 24.)

## II. STANDARD OF REVIEW

A party seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346-47 (4th Cir. 2009), overruling *Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[1] A party must make a clear showing that he is likely to succeed on the merits of his

---

[1] The original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310 (2010). However, the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345-47, stating the facts and articulating the standard for issuance of a preliminary injunction, before remanding it to

2

claim. *Winter*, 555 U.S. at 20; *Real Truth*, 575 F.3d at 345-46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 555 U.S. at 20-22; *Real Truth*, 575 F.3d at 347. Only then does the court consider whether the balance of equities tips in the favor of the party seeking the injunction. *See Real Truth*, 575 F.3d at 346-47. Finally, the court must pay particular regard to the impact of the extraordinary relief of an injunction upon the public interest. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 23-24).

### III. ANALYSIS

Plaintiff has not made a clear showing that there is a likelihood that it will succeed on the merits. Although Plaintiff is asserting Defendant violated his covenant not to compete with HMI, there is serious dispute as to the validity of this covenant. *See Tech. Partners, Inc. v. Hart*, 298 F. App'x 238, 244 (4th Cir. 2008) (unpublished opinion) ("Just as it is a matter of public interest to enforce valid non-compete agreements, similarly it is a matter of public interest to see that non-compete agreements that are likely invalid do not receive the extraordinary relief of a preliminary injunction.") Courts recognize a covenant not to compete when the covenant is "(1) in writing, (2) made part of the employment contract, (3) based on valuable consideration, (4) reasonable as to the time and territory, and (5) designed to protect a legitimate business interest." *Philips Elecs. N. Am. Corp. v. Hope*, 631 F. Supp. 2d 705, 714 (M.D.N.C. 2009). When an agreement is already in place between an employer and an employee without a covenant not to compete, any future non-competition agreements

---

the district court for consideration in light of *Citizens United*. *See The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 607 F.3d 355 (4th Cir. 2010).

must "be in the nature of a new contract based upon new consideration." *Greene v. Kelley*, 261 N.C. 166, 168, 134 S.E.2d 166, 167 (1964).

In the case before us, there is a dispute as to whether the covenant not to compete was entered into contemporaneously with Defendant's contract or after Defendant's employment had already begun. The evidence submitted into the record shows that Plaintiff and Defendant entered into the Agreement on April 5, 2011, which included a covenant not to compete. Prior to the signing of the Agreement there is ample evidence to substantiate the fact that Defendant worked for Plaintiff as early as 2010. In fact, Defendant contends that he only signed the Agreement and covenant not to compete because Plaintiff withheld four months of prior pay. Because there is serious dispute as to the covenant not to compete and the true nature of Defendant's working contract with Plaintiff, Plaintiff has not met his burden to show that he would succeed on the merits.

Furthermore, Plaintiff has not demonstrated a lack of irreparable harm. Plaintiff formed the intent to sue Defendant and accused him of anticompetitive behavior in July 2012. The Agreement between Plaintiff and Defendant stipulated a one-year post-termination agreement. The Agreement was terminated September 14, 2012 and the post termination agreement expired on September 14, 2013. Plaintiff filed his Complaint on August 17, 2012. In total, approximately eight and a half months elapsed before Plaintiff sought injunctive relief against Defendant. Because Plaintiff waited until the court had little time to rule on its motion, Plaintiff essentially rendered its own motion moot. *See Hunter Grp., Inc. v. Smith*, No. 97-2218, 1998 WL 682154, at *4 (4th Cir. Sept. 23, 1998) (unpublished opinion) (denying a preliminary injunction because the restrictive covenant that the plaintiff

4

was seeking to enforce had expired.) By waiting so long the Plaintiff clearly fails to show a lack of irreparable harm.

Under the stricter standard for preliminary injunctions, a court first considers the likelihood of success on the merits or the likelihood of irreparable harm. Having done so, Plaintiff is unable to show that they will have success on the merits and that the likelihood of irreparable harm is high. Therefore, the court does not need to consider the balancing of the equities or the public interest in the present matter.

## IV. CONCLUSION

Based upon the foregoing, it is **RECOMMENDED** that Plaintiff's motion for a preliminary injunction (Docket Entry 23) be **DENIED**.

_____
Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
September 27, 2013